**PALMER et al. v. ULTIMO.**
**No. 5008.**

Circuit Court of Appeals, Seventh Circuit.
Jan. 23, 1934.

Rehearing Denied March 21, 1934.

James R. Fleming, of Portland, Ind., and George L. Rulison and William B. Duff, both of South Bend, Ind., for appellants.

Kenneth C. Charlton, of Chicago, Ill., and August Benedict, of East Chicago, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

After a hearing, the Secretary of Labor entered an order for the deportation of appellee, an alien. The latter sought a writ of habeas corpus to review the warrant of deportation, and after a hearing in the District Court, he was discharged from the custody of the United States Inspector. Appellee justifies his discharge on three grounds: (a) Failure of the inspector to give him a fair hearing; (b) a lack of substantial evidence to support the finding of said inspector; and

(c) the application of an erroneous rule of law to the facts established on the hearing.

■■ Applying the test pronounced in United States ex rel. Vajtauer v. Commissioner, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560, which is that on habeas corpus proceedings a deportation warrant withstands attack if there be any substantial evidence to support it, we find nothing in the record which would justify the vacation of the warrant of deportation. The evidence abundantly showed that appellee was an alien who, on the occasion of his arrest, was employed in a house of prostitution, if indeed he were not the operator of such place. These two facts when established called for his deportation. Section 155, title 8, USCA.

■ Applying the test of a fair hearing announced in Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010, we likewise fail to find any support for appellee's urge that the hearing was unfair.

The charge is predicated upon two grounds: (1) It is claimed that the inspector withheld the statement of three important witnesses, and (2) the inspector was the investigator, the prosecutor, and the trier of facts.

As to the first contention, it appears that investigators went to a so-called roadhouse, which they found to be a house of prostitution; that appellee sold drinks to them and took pay therefor. He made statements to the effect that a certain room was his and used by him for resting purposes when he was tired. The roadhouse was unquestionably a house of prostitution with six female occupants. The investigator made inquiry of the girls respecting their occupation, the character of the place, and the name of the party in charge. Inquiry was made as to the length of time appellee had been there and what his duties were. The inspector wrote down the substance of what some of these witnesses told him, although it does not appear that he wrote down the entire statements or that statements from all six girls were taken. On the hearing at which appellee and his counsel were present, the substance of the statements of three of the witnesses was read. This was damaging to appellee. No proof was offered as to the statements of the other three witnesses. It is this failure to produce the other three witnesses or to give the substance of what they said to the inspector that constitutes the alleged unfair hearing.

It does not appear as a matter of fact that the three girls were interviewed, or what length of time they had been there. The alien, as well as the inspector, could have produced them, if their statements bore upon his employment. Their statements could not, as was true in Kwock Jan Fat v. White, supra, have affected a vital finding of fact.

■ Appellee did not contest the Government's contention that the house was one of ill fame or a place where prostitution was practiced. It was his position that his brother-in-law owned and operated the place, and he was there only temporarily, on a short visit. He could hardly have taken any other position, because the attire of the girls and their actions, generally and specifically, left no room for doubt as to the character of the place.

The fact that appellee sold the drinks and received pay therefor; that he had a glass bar where he could mix and did mix the drinks; coupled with his statement that one room downstairs had a bed in it, where he could lie down and rest when tired—tend to establish his employment in the place beyond cavil or dispute.

Other evidence there was concerning the arrest and prosecution of those in charge of the place, which tended to confirm the finding that the house was what the Government declared it to be.

■ In respect to the other contention that the inspector was investigator, prosecutor, and fact finder, it must be said that such a practice is unfortunate and subject to criticism, yet it does not establish such unfairness as to vitiate the findings of such official. This hearing was by an administrative department where the procedure is quite different from that which prevails in courts.

■ As to the application of an erroneous rule of law respecting burden of proof, the immigration inspector made the necessary findings of fact and a recommendation that appellee be returned to Italy at Government expense or that he be permitted to depart voluntarily to any country of his choice, except foreign contiguous territory or adjacent islands. There seemed to be no question of law involved, only an issue of fact. The burden was, of course, on the appellants to make out a case. That burden was fully met.

The decree is reversed, with directions to vacate and set aside the writ of habeas corpus and to remand appellee to the custody of the official.